**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-301-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.    SCOTT M. DITTMAN,**

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant Scott Dittman's Motion for Compassionate Release ("Motion"). (ECF No. 244.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

On January 31, 2017, Dittman pleaded guilty to Conspiracy to Defraud the United States and Commit Offenses in violation of 18 U.S.C. § 371. (ECF No. 66.) On February 10, 2020, the Court sentenced Dittman to 60 months' imprisonment, of which he has served approximately 14 months. (ECF No. 213.) He is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania. (ECF No. 244.)

Dittman filed his Motion on January 4, 2021, seeking compassionate release based on the outbreak of COVID-19 at his facility. (*Id.*) Specifically, he contends that he is at increased risk of death or severe illness due to his underlying health condition of obesity. (*Id.* at 2.) The Government filed its response opposing the Motion on January

24, 2021.  (ECF No. 251.)  Dittman filed a reply on February 8, 2021.  (ECF No. 254.)

## II. ANALYSIS

### A.     Compassionate Release Framework

Dittman invokes the Court's authority to grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>>>
>>>> * * *
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

### B.     Exhaustion of Administrative Remedies

Before filing a motion for compassionate release, a defendant must exhaust administrative remedies by making a request for compassionate release to the BOP,

2

and either appealing a denial of the request by the warden of the facility, or showing that 30 days elapsed since submission of an unanswered request. 18 U.S.C. § 3582(c)(1)(A). The Government argues that Dittman failed to appeal the warden's denial of his request for compassionate release, and therefore the Court lacks jurisdiction to consider the Motion. (ECF No. 251 at 1–3.)

Dittman counters that he has exhausted his administrative remedies because 30 days have elapsed since the warden denied his request for compassionate release. (ECF No. 254 at 1.) He asserts that appealing the denial would result in further delay and place him at risk of contracting COVID-19 in the interim. (*Id.* at 1–2.)

As stated above, an inmate must exhaust administrative remedies either by appealing a denial of his request for compassionate release *or* by waiting 30 days after submission of an unanswered request. 18 U.S.C. § 3582(c)(1)(A); s*ee also United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (stating that a prisoner may file a motion for compassionate release "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden"). As Dittman in fact received a denial of his request, he was required to appeal the denial. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Valenzuela*, 2020 WL 5439803, at *1–2 (D.N.M. Sept. 10, 2020) ("If and when Defendant appeals the warden's denial through the BOP process, she may seek relief in this court."). As Dittman concedes that he did not appeal the denial, he has failed to exhaust administrative remedies, and the Court may not consider his Motion.[1] *United States v. Perry*, 2020 WL 1676773, at *1–2 (D.

---

[1] The Court acknowledges the Tenth Circuit's recent decision in *United States v. Carr*, — F. App'x —, 2021 WL 1400705 (10th Cir. 2021), emphasizing the substantial discretion of a district

3

Colo. Apr. 3, 2020) (denying motion for compassionate release for lack of jurisdiction where defendant failed to exhaust administrative remedies). The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Dittman's Motion (ECF No. 244) is DENIED.

Dated this 13th day of May, 2021.

BY THE COURT:

William J. Martínez
United States District Judge

---

court in determining the existence of extraordinary and compelling circumstances. However, as the Court denies Dittman's Motion for failure to exhaust administrative remedies, it need not reach the analysis contemplated by the *Carr* decision.