# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 16-cr-301-WJM
(Civil Action No. 21-cv-0691-WJM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.**     **SCOTT M. DITTMAN,**

    Defendant.

---

# ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE

---

Before the Court is the Government's Motion to Dismiss Defendant Scott Dittman's Motion to Vacate ("Motion") (ECF No. 259). For the following reasons, the Court grants the Motion.

## I. BACKGROUND

On January 31, 2017, Dittman pleaded guilty to Conspiracy to Defraud the United States and Commit Offenses in violation of 18 U.S.C. § 371. (ECF No. 66.) On February 10, 2020, the Court sentenced Dittman to 60 months' imprisonment. (ECF No. 213.) He is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania. (ECF No. 244.)

Dittman filed his initial Motion to Vacate Sentence on March 5, 2021, seeking to reduce his sentence pursuant to 28 U.S.C. § 2255 ("Initial Petition").[1] (ECF No. 258.)

---

[1] Dittman asks the Court to reduce his sentence from 60 months to 24 months "as was

In response, the Government filed its Motion seeking dismissal of the Initial Petition as untimely filed. (ECF No. 259.) As Dittman failed to file the Initial Petition on the court-approved form, the Court ordered Dittman to cure the deficiency by refiling with the appropriate form no later than April 12, 2021. (ECF Nos. 260 & 261.)

Dittman filed a new Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Petition") and supporting brief on April 6, 2021. (ECF Nos. 265 & 266.) Dittman filed a response to the Government's Motion on the same day. (ECF No. 267.) The Government replied on April 8, 2021. (ECF No. 268.) Pursuant to the Court's Order of April 30, 2021, the Court construes the Motion as targeting Dittman's refiled Petition (ECF No. 265), provided that the relevant filing date relates back to the filing of the Initial Petition. (ECF No. 274.)

## II. LEGAL STANDARD

A federal habeas petition must be filed within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f). A judgment of conviction is final upon the expiration of the time to file a direct appeal. *See* Fed. R App. P. 4(b)(1)(A)(i); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005))). Moreover, where a federal habeas petition is untimely filed, a court may dismiss the petition. *See United States v. Buckaloo*, 257 F. App'x 88, 89–90 (10th Cir. 2007) (upholding district court's dismissal of habeas petition as untimely filed).

---

[brokered] in his plea agreement." (ECF No. 265 at 6.)

### III. ANALYSIS

Because Dittman is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.      Timeliness of Petition**

The Government contends that Dittman's Petition must be dismissed because he did not file the Initial Petition within the applicable statute of limitations. (ECF No. 259 at 1.) Specifically, the Government asserts that the Initial Petition was untimely because it was filed on March 5, 2021, four days after Dittman's extended deadline of March 1, 2021.[2] (*Id.* at 2.)

The Initial Petition reflects a date of filing of March 5, 2021, which Dittman does not dispute is the date of its receipt by the Court. (ECF No. 259.) Accordingly, the Petition is untimely unless an exception applies. *See* 28 U.S.C. § 2255(f).

**B.      Prisoner Mailbox Rule**

The "prisoner mailbox rule" provides that an inmate's filing is deemed timely "if deposited in the institution's internal mailing system on or before the last day for filing." Rules Governing § 2255 Cases in the U.S. Dist. Cts. R. 3(d). To benefit from this rule, an inmate must submit with the filing a notarized statement or a "declaration, certificate,

---

[2] The parties agree that Dittman's deadline to file a habeas petition was March 1, 2021, as the Court granted an extension from the original deadline of February 24, 2021. (ECF No. 259 at 1; ECF No. 267 at 1–2.)

verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury," stating the date deposited and that first-class postage was prepaid. *Id.*; 28 U.S.C. § 1746.

Dittman asserts that he placed his Initial Petition in the mail on February 25, 2021, and therefore the Court should consider the Petition submitted as of that date. (ECF No. 267 at 1.)

Courts strictly construe the requirements of the prisoner mailbox rule. *See Akinmade v. Holder*, 573 F. App'x 817, 819 (10th Cir. 2014) ("In order to benefit from the so-called 'prisoner mailbox rule,' we have required strict compliance with its provisions.'" (quoting *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005))); *United States v. Delgado-Montoya*, 2018 WL 296086, at *2 (D.N.M. Jan. 4, 2018) (stating that even a prisoner's use of the prison mail system and payment of postage does not trigger the mailbox rule if the declaration requirements are not satisfied).

Although Dittman asserts in his response that he sent the Initial Petition via first-class mail, he does not appear to dispute that he failed to comply with the requirements of the prisoner mailbox rule. (ECF No. 267 at 1.) Even if the certificate of service included with his Initial Petition constituted a declaration, it contains no mention of whether first-class postage was prepaid. (*See* ECF No. 258-2.) Accordingly, the prisoner mailbox rule cannot cure the Petition's untimeliness. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 (10th Cir. 2004) ("A prisoner must have actually deposited his legal papers with the warden by the last day for filing with the clerk. And the prisoner must at some point attest to that fact in an affidavit or notarized statement."); *United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (declining

4

to apply prison mailbox rule where inmate's declaration did not state that first-class postage had been prepaid)

**C.      Equitable Tolling**

Dittman also argues that—assuming the prisoner mailbox rule does not apply—the doctrine of equitable tolling cures the untimeliness of the Petition because the COVID-19 pandemic constitutes an "extraordinary circumstance" warranting such relief. (ECF No. 267 at 1–2.)  Specifically, Dittman asserts that shutdowns of certain prison services and resources due to the pandemic prevented him from timely filing his Petition.  (*Id.*)

"[T]o be entitled to equitable tolling for his § 2255 motion, [Dittman] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *United States v. Grealish*, 559 F. App'x 786, 788 (10th Cir. 2014) (internal quotation marks omitted).

Dittman had over one year to file his Petition after his judgment of conviction became final on February 24, 2020.  (ECF No. 253; 28 U.S.C. § 2255(f).)  To the extent that Dittman argues that pandemic-related circumstances prevented him from filing within this time period, his filing of other motions in the interim—such as his Motion to Reduce Sentence, filed on January 5, 2021, and his Motion for Extension, filed on January 26, 2021—operate to contradict this contention.  (ECF Nos. 244 & 252.)

Given Dittman's submission of other filings nearly a year into the pandemic and related protocols, the Court is dubious that Dittman has diligently pursued his rights with respect to his Petition, or that the pandemic constitutes the type of extraordinary circumstance that suddenly and unexpectedly prevented Dittman from timely filing his

5

Petition. *See Green v. Kansas*, 190 F. App'x 682, 685 (10th Cir. 2006) (finding prisoner's mental illness and ignorance of the existence of § 2255 was not an extraordinary circumstance warranting equitable tolling); *see also Dragoman v. Midwest Hose & Specialty, Inc.*, 2020 WL 7043864, at *6 (D. Colo. Dec. 1, 2020) (finding COVID-19 pandemic did not warrant equitable tolling where parties were not precluded from filing).

As Dittman does not raise any facts suggesting that he discovered evidence supporting his Petition at a later date, or that he was otherwise entirely precluded from filing during the preceding year, the Court declines to apply the doctrine of equitable tolling to these facts. (*See generally* ECF Nos. 265 & 266.) The Court therefore grants the Government's Motion and dismisses Dittman's Petition with prejudice as untimely.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Government's Motion to Dismiss (ECF No. 259) is GRANTED;

2. Dittman's Petition (ECF No. 265) is DISMISSED WITH PREJUDICE; and

3. The Court has *sua sponte* considered whether a certificate of appealability is appropriate, and hereby ORDERS that no certificate of appealability will issue because Petitioner has not made a substantial showing that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right.

Dated this 17th day of June, 2021.

BY THE COURT:

William J. Martínez
United States District Judge